**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

ENEYDA CAROLINA LOPEZ CARBALLO,

Petitioner,

v.

CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,[1]

Respondent.

No. 2:26-cv-03287-SHL-atc

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On September 28, 2026, pro se Petitioner Eneyda Carolina Lopez Carballo filed her Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF No. 1.) She challenges her continued detention without a bond hearing. (Id. at PageID 1.) On July 15, 2026, she appeared at an "ICE reporting appointment as required by immigration authorities," where she was arrested and detained by ICE. (Id. at PageID 3.) She states that she has no criminal record. (Id.) She is detained at the West Tennessee Detention Facility, and seeks immediate release. (Id. at

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the warden of the West Tennessee Detention Facility, United States Department of Homeland Security, and Immigration Customs Enforcement are dismissed from the case.

[2] At the same time, she filed Petitioner's Motion to Prevent Transfer, Removal, or Change in Custody Pending Resolution for Writ of Habeas Corpus (ECF No. 3), and Emergency Motion for Temporary Restraining Order and to Preserve the Status Quo Pending Adjudication of Petition for Writ of Habeas Corpus, (ECF No. 4.). These motions seek relief that is duplicative of the relief sought in the Habeas Petition. Thus, the Motions at ECF Nos. 3 and 4 are **DENIED AS MOOT**.

PageID 3, 8.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) Within **three business days** of the filing of this Order, Petitioner shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** after Petitioner complies with the above requirement, Respondent shall respond to the Petition. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply within **three business days** after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition, and if Petitioner has been transferred since filing his Petition, Respondent is **ORDERED** to transfer him back to the Western District of Tennessee.

**IT IS SO ORDERED,** this 8th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE